# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO
### Judge Regina M. Rodriguez

Civil Action No. 26-cv-3166-RMR

ALICE GUILLEN ACOSTA,

      Petitioner,

v.

JUAN BALTAZAR, Warden of the Denver Contract Detention Facility, Aurora, Colorado, in his official capacity,
GEORGE VALDEZ, Field Office Director, Denver Field Office, U.S. Immigration and Customs Enforcement, in his official capacity,
MARKWAYNE MULLIN, Secretary, U.S. Department of Homeland Security, in his official capacity,
DAVID VENTURELLA, Acting Director of Immigration and Customs Enforcement, in his official capacity,
TODD BLANCHE, Acting Attorney General, U.S. Department of Justice, in his official capacity,

      Respondents.

---

## ORDER

---

Petitioner Alice Guillen Acosta ("Petitioner") is a national of Venezuela and presented herself at the port of entry in El Paso, Texas on March 19, 2024. ECF No. 1 ¶ 16. She was briefly detained and then released on her own recognizance on March 20, 2024. *Id.* She was issued a Notice to Appear, which initiated removal proceedings. *Id.* She was also enrolled in an Intensive Supervision Appearance Program ("ISAP") to monitor her compliance with her court hearings. *Id.* Petitioner has complied with all the terms of ISAP, including wearing a GPS monitor and reporting four times per month for phone and in-person appointments. *Id.* ¶ 17.

Petitioner filed a timely application for asylum and was issued an Employment Authorization Document ("EAD"), which remains valid until June 2030. *Id.* ¶ 18. Petitioner has not missed any of her scheduled hearing dates with the immigration court. *Id.* On June 29, 2026, Petitioner appeared for a regular appointment with ICE pursuant to her release on her own recognizance and was arrested without warning. *Id.* ¶ 19. She was taken into ICE custody and has remained detained.

Petitioner filed a Petition for Writ of Habeas Corpus ("Petition"), ECF No. 1,[1] seeking immediate release or, in the alternative, an order requiring "Immigration Court to provide a bond hearing within seven days and at which Respondents must demonstrate by clear and convincing evidence that continued custody of any kind is necessary." *Id.* at 16. Petitioner also filed a Motion for Temporary Restraining Order and/or Preliminary Injunction, requesting the Court enjoin Respondents from transferring Petitioner outside the District of Colorado during the pendency of this litigation. ECF No. 2 at 31.

The relief requested by Petitioner and the legal claims and arguments upon which it's premised, are familiar to the Court and the parties. "Respondents are not submitting a brief in opposition to the Petition detailing the facts and circumstances of this case." ECF No. 8 at 1. Respondents "submit that if the Court does grant the Petition, the appropriate relief would be an Order directing that Respondents, within seven days of this Court's Order, provide Petitioner with a bond hearing under 8 U.S.C. § 1226(a), or else

---

[1] Respondents filed a Response to the Petition and Order to Show Cause. ECF No. 8.

release Petitioner." *Id.* at 2 (citing *Santillan Quiroz v. Mullin*, No. 26-6019, 2026 WL 1876709, at *17 n.13 (10th Cir. June 30, 2026).

Accordingly, Respondents are **ORDERED** to provide Petitioner a bond hearing no later than **July 31, 2026**. At the bond hearing, the Government shall bear the burden of proving, by clear and convincing evidence, that Petitioner is a flight risk or danger to the community such that his physical custody is legally justified. If Respondents do not provide Petitioner with a bond hearing under 8 U.S.C. § 1226(a) as required herein, he must be immediately released from detention. On or before **August 3, 2026**, Respondents shall file a status report concerning (1) the results of any bond hearing that was conducted or, if no hearing was held, advise the Court of the date Petitioner was released from custody; and (2) whether any additional proceedings in this matter are required.

## CONCLUSION

For the reasons set forth above, IT IS ORDERED that:

1.  The Petition for Writ of Habeas Corpus (ECF No. 1) is **GRANTED**;

2.  Respondents shall provide Petitioner a bond hearing no later than **July 31, 2026**. At the bond hearing, the Government shall bear the burden of proving, by clear and convincing evidence, that Petitioner is a flight risk or danger to the community such that his physical custody is legally justified. If Respondents do not provide Petitioner with a bond hearing under 8 U.S.C. § 1226(a) as required herein, Petitioner must be immediately released from detention;

3. On or before **August 3, 2026**, Respondents shall file a status report concerning (1) the results of any bond hearing that was conducted or, if no hearing was held, advise the Court of the date Petitioner was released from custody; and (2) whether any additional proceedings in this matter are required; and

4. The Motion for Temporary Restraining Order and/or Preliminary Injunction (ECF No. 2) is **DENIED AS MOOT**.

DATED: July 24, 2026

BY THE COURT:

REGINA M. RODRIGUEZ
United States District Judge

4