**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**
**Judge Regina M. Rodriguez**

Civil Action No. 26-cv-3166-RMR

ALICE GUILLEN ACOSTA,

Petitioner,

v.

JUAN BALTAZAR, Warden of the Denver Contract Detention Facility, Aurora, Colorado, in his official capacity,
GEORGE VALDEZ, Field Office Director, Denver Field Office, U.S. Immigration and Customs Enforcement, in his official capacity,
MARKWAYNE MULLIN, Secretary, U.S. Department of Homeland Security, in his official capacity,
DAVID VENTURELLA, Acting Director of Immigration and Customs Enforcement, in his official capacity,
TODD BLANCHE, Acting Attorney General, U.S. Department of Justice, in his official capacity,

Respondents.

---

**ORDER**

---

On July 24, 2026, the Court granted Petitioner Alice Guillen Acosta's ("Petitioner") Petition for Writ of Habeas Corpus (ECF No. 1) and ordered Respondents to provide Petitioner with a bond hearing by July 31, 2026. ECF No. 11. Petitioner's bond hearing occurred on July 29, 2026, and the Immigration Judge entered a decision denying bond. ECF No. 12 at 3. Petitioner filed the Motion for Reconsideration alleging Respondents violated Petitioner's due process rights and requesting the Court order Petitioner's immediate release. ECF No. 12 at 11-12. The Court ordered Respondents to file the documentation from Petitioner's bond hearing, including the bond decision and written

decision by the Immigration Judge. ECF No. 13. Respondents provided the bond decision and written decision on August 3 and August 7, 2026, respectively. ECF Nos. 14 at 16. Afterwards, on August 13, 2026, Petitioner filed the Motion to Enforce Judgment requesting an expedited order granting immediate release. ECF No. 17 at 11.

Petitioner bases her argument in both Motions on the allegation that she did not receive a bond hearing that satisfied the Court's order, specifically that the Government did not satisfy its burden of proving by clear and convincing evidence that Petitioner is a flight risk. ECF Nos. 12 and 17. This Court lacks authority to reconsider the issues presented before Immigration Judge Masters or second-guess her application of the relevant burden. *See Asfir v. Blanche*, No. 1:26-cv-01435-GPG, ECF No. 19, at 3 (D. Colo. July 2, 2026) (citing *Soberanes v. Comfort*, 388 F.3d 1305, 1309 (10th Cir. 2004)). However, the Court does have the authority to ensure that its Orders are followed. *Id.* at 4. In this case, the Court ordered a bond hearing where the Government had the burden of proving, by clear and convincing evidence, that Petitioner is a flight risk or danger to the community such that his physical custody is legally justified. ECF No. 11. Immigration Judge Masters issued an "Order of the Immigration Judge" dated July 28, 2026, stating the request for a change in custody status was "Denied, because – See Memorandum of Law." ECF No. 14-1 at 1. Her order provided no further information about her decision. *Id.*

The next day, Immigration Judge Masters issued the "Bond Decision of the Immigration Judge." ECF No. 16-1. In the decision, she explained that Petitioner[1] "has limited community ties" and "never visited her family since she came to the United States." *Id.* at 3. She also described Petitioner's enrollment in the Alternative to Detention ("ATD") program beginning on March 20, 2024. *Id.* The record reflects "DHS filed evidence to show that [Petitioner] accumulated 23 violations while being on the ATD program and was found not to be in compliance." *Id.* Immigration Judge Masters cited case law demonstrating that "records made by public officials in the ordinary course of their duties carry strong indicia of reliability." *Id.* She summarized Petitioner's testimony that "she had never violated the ATD program and never missed an appointment with [Intensive Supervision Appearance Program ("ISAP")]." *Id.* Then, Immigration Judge Masters determined that Petitioner's "testimony [was] not reliable as she had repeatedly stated that she was often not at her own home and would spend many nights at her boyfriend's home." *Id.* She also found that Petitioner's testimony that "she had problems with her devices" and that "she did not give ICE her home address, but the address of her boyfriend's home which was a violation of the ATD program" constituted repeated violations of the ATD program "which led to her current detention." *Id.* Based on all this, Immigration Judge Masters found that "DHS met its burden to prove [Petitioner] does pose a risk of flight by clear and convincing evidence." *Id.*

[1] Petitioner is referred to as "Respondent" in the bond hearing proceeding. For consistency, the Court will refer to Petitioner as such in this Order.

Petitioner challenges Immigration Judge Masters' conclusion that Respondents indeed satisfied the heightened "clear and convincing" standard. "To prove a fact by clear and convincing evidence is a heavy burden that equates to showing the fact is 'highly probable.'" *Mejia v. Baltazar*, No. 26-CV-00385-NYW-TPO, 2026 WL 1361514, at *2 (D. Colo. May 15, 2026) (quoting *United States v. Dear*, 104 F.4th 145, 147 (10th Cir. 2024)). Again, the Court does not disagree with Immigration Judge Masters' concern with Petitioner's ATD violations or her determination that DHS' evidence is reliable. However, it is unclear whether Immigration Judge Masters relies on Petitioner's alleged ATD violations, issues with her devices, or time spent at her boyfriend's home to make her determination that Petitioner is a risk of flight. Aside from the ATD violations, the evidence Immigration Judge Masters seemingly depends on is based on Petitioner's testimony. When determining whether evidence is "clear and convincing," the Court looks to the record as a whole, not just the "collective memory" of the Petitioner. *See Martinez v. Hartley*, *Martinez v. Hartley*, No. 07-CV-01305-CMA-KMT, 2010 WL 3170770, at *7 (D. Colo. Aug. 10, 2010) (finding that relying on the petitioner's "collective memory" to demonstrate that the trial court was incorrect was not "clear and convincing evidence" but "review of the trial record" was appropriate). Indeed, Petitioner's testimony that she did not violate the ATD program or missed an appointment with ISAP conflicts with DHS' evidence that she was not compliant with the ATD program. However, the record before the Court does not describe the alleged ATD violations or whether those violations relate to risk of flight. Additionally, the remainder of the record is unclear as to whether the ATD violations are enough to constitute clear and convincing evidence of flight risk. Therefore,

the Court agrees with Petitioner that DHS did not satisfy its burden of proving by clear and convincing evidence that she is a danger to the community and that her bond hearing did not comply with the Court's orders.

With respect to the appropriate relief, this Court has previously ordered Respondents to provide other petitioners with a bond hearing where the "Government shall bear the burden of proving, by clear and convincing evidence, that Petitioner is a flight risk or danger to the community such that [her] physical custody is legally justified." *See Tzompa Garcia v. Baltazar*, No. 26-CV-2713-RMR, 2026 WL 2240137, at *1 (D. Colo. Aug. 4, 2026); *see also A.A.G.R. v. Baltazar*, No. 26-CV-02344-RMR, 2026 WL 2110577, at *2 (D. Colo. July 22, 2026). Several of these bond hearings were not compliant with the Court's orders, specifically with respect to applying the "clear and convincing" standard. *Tzompa Garcia*, 2026 WL 2240137, at *3; *A.A.G.R.*, 2026 WL 2110577, at *3.. Other courts in this District have also expressed "concern[] that the immigration courts are not affording immigrants fair bond hearings," as "the mounting evidence that bond determination hearings conducted in Immigration Court under § 1226(a) have preordained outcomes has become impossible to ignore." *Pal v. Lyons,* 2026 WL 937962, at *4 (D. Colo. Apr. 7, 2025); *see also Quiroz Zacarias v. Mullin,* 2026 WL 1092162, at *4-*5 (D. Colo. Apr. 22, 2026); *see also Asfir v. Blanche*, No. 26-cv-01435-GPG (D. Colo. July 2, 2026). Additionally, the Court previously stated that "[i]f Respondents do not provide Petitioner with a bond hearing under 8 U.S.C. § 1226(a) as required [by the Court], Petitioner must be immediately released from detention." ECF No. 11 at 3. Respondents did not provide the ordered bond hearing and did not prove by clear and

convincing evidence that Petitioner is a danger to the community. Given all this, the Court finds Petitioner's immediate release is the appropriate remedy. *See Santillan Quiroz*, 2026 WL 1876709, at *17 n.13 (contemplating the district court should "order the Government to, within seven days of such order, either provide [the petitioner] with a bond hearing or else release him."); *Mejia*, 2026 WL 1361514, at *5 (finding order of immediate release warranted because, "the Court signaled that if Petitioner did not receive a compliant bond hearing, immediate release would be appropriate.").

**CONCLUSION**

For the reasons set forth above, IT IS ORDERED that:

1. Petitioner's Motion to Reconsider Order, ECF No. 12, is **GRANTED**;
2. Respondents failed to comply with the Court's order to provide Petitioner with a bond hearing by July 31, 2026, where Respondents shall bear the burden of proving, by clear and convincing evidence, that Petitioner is a flight risk or danger to the community such that her physical custody is legally justified;
3. Because Respondents failed to prove, by clear and convincing evidence, that Petitioner is a flight risk or danger to the community such that her physical custody is legally justified, Respondents must **IMMEDIATELY RELEASE** Petitioner on her own recognizance, along with all her personal belongings, without onerous conditions of release, including, without limitation, GPS monitoring, mandatory reporting, or other restrictions on his movement. Respondents shall facilitate Petitioner's transportation from the detention facility by providing all necessary identity and travel documents to return to her primary address;

4. Respondents are **ENJOINED** from re-arresting or re-detaining Petitioner unless they demonstrate, by clear and convincing evidence at a pre-deprivation bond hearing before a neutral decisionmaker, that she is a flight risk or danger to the community such that her physical custody is legally justified pursuant to 8 U.S.C § 1226(a). At any such bond hearing, Respondents shall bear the burden of proof, and Petitioner shall be allowed to have counsel present. This injunction shall remain in effect until such time as this Court, or the Tenth Circuit Court of Appeals, vacates this Order;
5. During such periods of time as Petitioner remains in Respondents' custody, Respondents shall continue to be **ENJOINED** from removing, transferring, or causing the removal or transfer of Petitioner from the District of Colorado until such time as this Court, or the Tenth Circuit Court of Appeals, vacates this Order;
6. On or before **August 19, 2026**, Respondents shall file a status report certifying compliance with this Order; and
7. Petitioner's Motion to Enforce Judgment, ECF No. 17, is **DENIED AS MOOT**.

DATED: August 14, 2026

BY THE COURT:

REGINA M. RODRIGUEZ
United States District Judge